UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ELECTRONICALLY FILED

UNITED STATES OF AMERICA                              PLAINTIFF

v.                    CRIMINAL ACTION NO. 3:16-CR-00082-7-DJH

JOLIE JOHNSON et al.                                 DEFENDANTS

## DEFENDANT JOLIE JOHNSON'S
## PROPOSED JURY INSTRUCTIONS

Counsel for Jolie Johnson submits the attached instructions of substantive law for the Court's consideration and use in the trial of this case.  If events during the trial suggest that instructions on other substantive or evidentiary matters may also be appropriate, counsel will ask for permission to supplement these proposed instructions.

Respectfully submitted,

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli
Attorneys for Defendant Johnson
COX & MAZZOLI PLLC
600 West Main Street, Suite 300
Louisville, Kentucky 40202
502-589-6190
MazzoliCMLaw@aol.com

## CERTIFICATE OF SERVICE

On July 26, 2018, I electronically filed this document through the ECF system, which will send a notice of electronic filing to counsel of record.

*Michael R. Mazzoli*

Scott C. Cox
Michael R. Mazzoli

**Instruction # __**

**21 U.S.C. § 846**
**CONSPIRACY TO VIOLATE THE DRUG LAWS**

**INTRODUCTION [1]**

Count 1 of the indictment charges the defendant with conspiracy to distribute at least one kilogram of heroin, at least 50 grams of methamphetamine, and at least five kilograms of cocaine.  It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

*First*, that two or more persons conspired, or agreed, to commit the crime of possessing with the intent to distribute controlled substances, as that offense is defined later in these instructions;[2] and

*Second*, that the defendant knowingly and voluntarily joined the conspiracy.

---

[1]   Sixth Circuit Pattern Criminal Jury Instructions § 14.05(1) and (2) (2017), *available at*  http://www.ca6.uscourts.gov/pattern-jury-instructions.

[2]   *See* Sixth Circuit Pattern Criminal Jury Instructions § 14.05 (2017) Use Note:  "If the object drug offense is not charged and defined elsewhere in the instructions, it must be defined at some point in the conspiracy instruction."

1

1    Now I will give you more detailed instructions on some of these

2    terms.

**Instruction # \_\_**

**21 U.S.C. § 846**
**CONSPIRACY TO VIOLATE THE DRUG LAWS**

**AGREEMENT** [3]

With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to intentionally possess with the intent to distribute controlled substances.

This does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute controlled substances.  This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.  But it is up to the

---

[3]     Sixth Circuit Pattern Criminal Jury Instructions § 14.05(3)(A) (2017).

3

1    government to convince you that such facts and circumstances existed in

2    this particular case.

**Instruction # \_\_**

**21 U.S.C. § 846**
**CONSPIRACY TO VIOLATE THE DRUG LAWS**

**DEFENDANT'S CONNECTION TO THE CONSPIRACY [4]**

With regard to the second element – the defendant's connection to the conspiracy – the government must prove that the defendant knowingly and voluntarily joined that agreement.

The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he or she was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his or her connection to it was substantial.  A slight role or connection may be enough.

Further, this does not require proof that the defendant knew the drug involved was heroin, methamphetamine, or cocaine.  It is enough that the defendant knew that it was some kind of controlled substance.  Nor does this require proof that the defendant knew what quantity of controlled substances was involved.  It is enough that the defendant knew that some quantity was involved.

---

[4]     Sixth Circuit Pattern Criminal Jury Instructions § 14.05(3)(B) (2017).

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he or she approved of what was happening or did not object to it.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator.  These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy.  But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

**Instruction # \_\_**

**21 U.S.C. § 846**
**CONSPIRACY TO VIOLATE THE DRUG LAWS**

**21 U.S.C. § 841(a)(1)**
**POSSESSION OF A CONTROLLED SUBSTANCE**
**WITH INTENT TO DISTRIBUTE**

**INTRODUCTION [5]**

The defendant is charged in Count 1 of the indictment with conspiracy to commit the crime of intentionally possessing with the intent to distribute heroin, methamphetamine, and cocaine. These drugs are controlled substances. For a defendant to be found guilty of this crime, the government must prove each and every one of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly or intentionally possessed the controlled substances; and

*Second*, he or she intended to distribute the controlled substances.

Now I will give you more detailed instructions on some of these terms.

---

[5]    Sixth Circuit Pattern Criminal Jury Instructions § 14.01(1) (2017), *available at* http://www.ca6.uscourts.gov/pattern-jury-instructions.

**Instruction # __**

**21 U.S.C. § 846**
**CONSPIRACY TO VIOLATE THE DRUG LAWS**

**21 U.S.C. § 841(a)(1)**
**POSSESSION OF A CONTROLLED SUBSTANCE**
**WITH INTENT TO DISTRIBUTE**

**POSSESSION [6]**

First, I want to explain something about possession.  The government does not necessarily have to prove that the defendant physically possessed the controlled substances for you to find him or her guilty of this crime.  The law recognizes two kinds of possession – actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

To establish actual possession,[7] the government must prove that the defendant had direct, physical control over the controlled substances, and knew that he or she had control of it.

To establish constructive possession,[8] the government must prove that the defendant had the right to exercise physical control over the controlled substances, and knew that he or she had this right, and that

---

[6] Sixth Circuit Pattern Criminal Jury Instructions § 14.01(2)(A) (2017) advises litigants to "[i]nsert applicable definition of possession from Instructions 2.10 ['Actual and Constructive Possession'], 2.10A ['Actual Possession'], and 2.11 ['Joint Possession'] here or as a separate instruction."

[7] Sixth Circuit Pattern Criminal Jury Instructions § 2.10 (2017).

[8] *Ibid.*

he or she intended to exercise physical control over marijuana at some time, either directly or through other persons.  For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the marijuana, and knew that he or she did, for you to find the defendant guilty of this crime.  This, of course, is all for you to decide.

One more thing about possession.[9]  The government does not have to prove that the defendant was the only one who had possession of the marijuana.  Two or more people can together share actual or constructive possession over property.  And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict.  The government must prove that the defendant had either actual or constructive possession of the marijuana, and knew that he or she did, for you to find the defendant guilty of this crime.  This, again, is all for you to decide.

---

[9]     Sixth Circuit Pattern Criminal Jury Instructions § 2.11 (2017).

**Instruction # \_\_**

**21 U.S.C. § 846**
**CONSPIRACY TO VIOLATE THE DRUG LAWS**

**21 U.S.C. § 841(a)(1)**
**POSSESSION OF A CONTROLLED SUBSTANCE**
**WITH INTENT TO DISTRIBUTE**

**"KNOWINGLY" AND "INTENT TO DISTRIBUTE"** [10]

To prove that the defendant "**knowingly**" possessed heroin, methamphetamine, and cocaine, he or she did not have to know that the substance was heroin, methamphetamine, and cocaine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much heroin, methamphetamine, and cocaine he or she possessed. It is enough that the defendant knew that he or she possessed some quantity of those drugs.

The phrase "**intended to distribute**" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term "distribute" includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.[11]

---

[10]   Sixth Circuit Pattern Criminal Jury Instructions § 14.01(2)(B)-(C), § 14.01(3)-(4) (2017).

[11]   *See* Sixth Circuit Pattern Criminal Jury Instructions § 14.01 (2017) Use Note: the last two sentences "should be used only if relevant."

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions.  Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone.  You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.  The law does not require you to draw such an inference, but you may draw it.[12]

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

---

[12]   *See* Sixth Circuit Pattern Criminal Jury Instructions § 14.01(3) (2017) *and see* Use Note: this paragraph "should be given only when a basis for inferring the defendant's intent to distribute has been admitted into evidence."

**Instruction # ___**

**21 U.S.C. § 846**
**CONSPIRACY TO VIOLATE THE DRUG LAWS**

**UNANIMITY REQUIRED AS TO**
**AMOUNT OF CONTROLLED SUBSTANCE [13]**

The defendant is charged in Count 1 of the indictment with conspiracy to possess with the intent to distribute heroin, methamphetamine, and cocaine.  If you find the defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substances involved in the conspiracy that was attributable to the defendant as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him or her.  You will be provided with a special verdict form for this purpose.

For the act of a co-conspirator to be "reasonably foreseeable" to the defendant,[14] the act must have been one that the defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.  This does not require proof that each defendant specifically agreed or knew that the act would be committed.  But the government

---

[13]    Sixth Circuit Pattern Criminal Jury Instructions § 14.07B (2018).

[14]    This paragraph is adapted from Pattern Criminal Jury Instructions § 3.10(4)(D), (5) (Pinkerton liability instruction).  *See* § 14.07B (2018) Comm. cmt., citing *United States v. Swiney*, 203 F.3d 397, 405-406 (6th Cir. 2000) for the court's holding that "*Pinkerton* principles ... determine whether a defendant convicted under 21 U.S.C. § 846 is subject to the penalty set forth in 21 U.S.C. § 841(b)(1)(C)" and adopting new unanimity instruction pursuant to the holding in *Swiney*.

must prove that the act was within the reasonable contemplation of the defendant. No defendant is responsible for the distribution of quantities of drugs that go beyond the fair scope of the agreement as the defendant understood it.

Let me describe the questions in the verdict form for each controlled substance, starting with heroin.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least one kilogram of a mixture or substance containing a detectable amount of heroin was attributable to defendant as the result of his or her own conduct and the conduct of other co conspirators that was reasonably foreseeable to the defendant, then please indicate this finding on Question 1(a) of the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 100 grams of a mixture or substance containing a detectable amount of heroin was attributable to defendant as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him or her, then please indicate that finding on Question 1(a) of the special verdict form.  If you do not so find,[15] but you do unanimously find that the government has proved

_____

[15]     The last sentence of this paragraph is adapted from Pattern Instruction § 14.07(B)(3).

1   beyond a reasonable doubt that a quantity of less than 100 grams of a

2   mixture or substance containing a detectable amount of heroin was

3   attributable to defendant, then please indicate that finding on

4   Question 1(a) of the special verdict form.

5       Question 1(b) asks the same questions about the quantity of

6   methamphetamine attributable to the defendant; Question 1(c) concerns

7   the quantity of cocaine attributable to the defendant.

8       In determining the quantity of the controlled substance, you need

9   not find that the defendant knew that his or her offense involved this

10  quantity of drugs.

**Instruction # __**

**21 U.S.C. § 846**
**CONSPIRACY TO VIOLATE THE DRUG LAWS**

**SPECIAL VERDICT FORM** [16]

We, the jury, unanimously find the following:

**COUNT 1**

**Question 1.** With respect to the charge in Count 1 of the indictment for conspiracy to intentionally possess with the intent to distribute controlled substances, we find the defendant:

Guilty _____         Not Guilty _____

If you answered *guilty* in response to Question 1, proceed to Question 1(a).

If you answered *not guilty* in response to Question 1, proceed to the verdict form for Count 2.

_____

[16]    Adapted from Sixth Circuit Pattern Criminal Jury Instructions § 14.07B-1 (2018).

15

**Question 1(a) - Heroin.**  With respect to Count 1, the quantity of the mixture or substance containing a detectable amount of heroin that was attributable to defendant as the result of his or her own conduct and the conduct of other co-conspirators reasonably foreseeable to him or her was (*indicate answer by checking one line below*):

_____ 1000 grams (1 kilogram) or more

_____ less than 1000 grams but more than 100 grams

_____ less than 100 grams.

**Question 1(b) – Methamphetamine.**  With respect to Count 1, the quantity of the mixture or substance containing a detectable amount of methamphetamine that was attributable to defendant as the result of his or her own conduct and the conduct of other co-conspirators reasonably foreseeable to him or her was (*indicate answer by checking one line below*):

_____ 50 grams or more

_____ less than 50 grams but more than 5 grams

_____ less than 5 grams.

1    **Question 1(c) - Cocaine.**  With respect to Count 1, the quantity of
2    the mixture or substance containing a detectable amount of cocaine that
3    was attributable to defendant as the result of his or her own conduct and
4    the conduct of other co-conspirators reasonably foreseeable to him or her
5    was (*indicate answer by checking one line below*):

6    _____ 5000 grams (5 kilograms) or more

7    _____ less than 5000 grams but more than 500 grams

8    _____ less than 500 grams.

9    Proceed to Count 2.

**Instruction # \_\_**

**18 U.S.C. § 1956(h)**
**CONSPIRACY TO COMMIT MONEY LAUNDERING**

**INTRODUCTION [17]**

Count 2 of the indictment charges the defendant with conspiracy to commit money laundering.  It is a crime for two or more persons to conspire, or agree, to commit money laundering, even if they never actually achieve their goal.

As I have previously explained, a conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charged in Count 2, the government must prove each and every one of the following elements beyond a reasonable doubt:

*First*, that two or more persons conspired, or agreed, to commit the crime of money laundering, as that offense is defined later in these instructions; and

*Second*, that the defendant knowingly and voluntarily joined the conspiracy.

---

[17]   Adapted from Sixth Circuit Pattern Criminal Jury Instructions § 14.05(1) and (2) (2017), *available at* http://www.ca6.uscourts.gov/pattern-jury-instructions.  The government is not required to prove an overt act to obtain a conviction under 18 U.S.C. § 1956(h).  *United States v. Myers*, 854 F.3d 341, 356 (6th Cir. 2017) (*quoting Whitfield v. United States*, 543 U.S. 209, 214 (2005)).

1    For detailed instructions on some of these terms, please refer to

2    Instruction # __ (Agreement) and Instruction # __ (Defendant's

3    Connection to the Conspiracy).

**Instruction # \_\_**

**18 U.S.C. § 1956(h)
CONSPIRACY TO COMMIT MONEY LAUNDERING**

**MONEY LAUNDERING
(18 U.S.C. § 1956(a)(1)(A)(i))**

**ELEMENTS [18]**

For a defendant to commit the crime of money laundering, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

*First*, that the defendant conducted a financial transaction;

*Second*, that the financial transaction involved property that represented the proceeds of illegal dealing in controlled substances;

*Third*, that the defendant knew that the property involved in the financial transaction represented the proceeds from some form of unlawful activity; and

---

[18]    Sixth Circuit Pattern Criminal Jury Instructions § 11.01(1) (2017); *see United States v. Warshak,* 631 F.3d 266, 317 (6th Cir. 2010).

20

1          *Fourth*, that the defendant had the intent to promote the carrying

2          on of illegal dealing in controlled substances.[19]

3          Now I will give you more detailed instructions on some of these

4   terms.

---

[19]      *See* Sixth Circuit Pattern Criminal Jury Instructions § 11.01(1)
(2017), Comm. cmt.: "Several Sixth Circuit cases have defined intent to
promote the carrying on of specified unlawful activity. In *United States v.
McGahee*, 257 F.3d 520 (6th Cir. 2001), the court held that paying for
personal goods, alone, was not sufficient to establish that the funds were
used to promote an illegal activity.  The court further stated that
payment of the general business expenditures of a business that is used
to defraud is not sufficient to establish promotion of the underlying
crime; rather, the transaction "must be explicitly connected to the
mechanism of the crime." *McGahee*, 257 F.3d at 527, *citing United States
v. Brown*, 186 F.3d 661, 669-670 (5th Cir. 1999).  *See also United States
v. Haun*, 90 F.3d 1096, [1101] (6th Cir. 1996) (evidence of promotion
sufficient when checks for proceeds of fraudulent car sales were cashed
or deposited into company's bank account);  *United States v. Reed*, 167
F.3d 984, 992-993 (6th Cir. 1999) (evidence of promotion sufficient when
money used to pay antecedent drug debt and ease payer/defendant's
position);  *United States v. King*, 169 F.3d 1035, [----] (6th Cir. 1999)
(evidence of promotion sufficient when proceeds used to pay for drugs)."

**Instruction # \_\_**

**18 U.S.C. § 1956(h)**
**CONSPIRACY TO COMMIT MONEY LAUNDERING**

**MONEY LAUNDERING**
**(18 U.S.C. § 1956(a)(1)(A))**

**DEFINITIONS [20]**

The term "financial transaction" means:

(A) a transaction which in any way or degree affects interstate or foreign commerce and involves:

(i) the movement of funds by wire or other means or

(ii) one or more monetary instruments, or

(iii) the transfer of title to any real property, vehicle, vessel, or aircraft,

or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.[21]

The term "financial institution" means  includes a commercial bank, a commercial trust company, and a bank insured by the FDIC.[22]

---

[20]    Sixth Circuit Pattern Criminal Jury Instructions § 11.01(2) (2017).

[21]    18 U.S.C. § 1956(c)(4).

[22]    Other definitions are listed in 31 U.S.C. § 5312(a)(2).

1    The word "conducts" includes initiating, concluding, or

2    participating in initiating or concluding a transaction.

3    The word "proceeds" means any property derived from, obtained, or

4    retained, directly or indirectly, through some form of unlawful activity,

5    including the gross receipts of such activity.[23]

6    The phrase "knew that the property involved in a financial

7    transaction represents the proceeds of some form of unlawful activity"

8    means that the defendant knew the property involved in the transaction

9    represented the proceeds of some form, though not necessarily which

10   form, of activity that constitutes a felony under state or federal law.  The

11   government does not have to prove the defendant knew the property

---

[23]    18 U.S.C. § 1956(c)(9).  Property becomes "proceeds" of an offense only after the alleged underlying criminal offense has been completed. The proceeds of a completed crime must be in the defendant's possession before he can attempt to transfer those proceeds in violation of the money laundering statute.  *See United States v. McGahee*, 257 F.3d 520, 528 (6th Cir. 2001) (money laundering is "a separate act completed after the crime") and *United States v. Rayborn*, 491 F.3d 513, 517-518 (6th Cir. 2007) (discussion of issue in context of 18 U.S.C. § 1957 prosecution). *See also* Sixth Circuit Pattern Criminal Jury Instructions § 11.02 (2017), Comm. cmt.: "Under § 1956(a)(1)(B), the government must prove that the defendant engaged in a financial transaction in addition to the acquisition of the unlawful proceeds.  *United States v. Hamrick*, 983 F.2d 1069 (6th Cir. 1992).  The financial transaction must go beyond the defendant's involvement in the underlying specified unlawful activity. *Id.*"

1    involved represented proceeds of a felony as long as he or she knew the

2    property involved represented proceeds of some form of unlawful activity.

3        If you are convinced that the government has proved all of these

4    elements, say so by returning a guilty verdict on this charge. If you have

5    a reasonable doubt about any one of these elements, then you must find

6    the defendant not guilty of this charge.